# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GINA GAGLIANO, | ) |
| | ) |
| | ) Case No. 09-4185 |
| Plaintiff, | ) |
| | ) Magistrate Judge Sidney I. Schenkier |
| v. | ) |
| | ) |
| CYTRADE FINANCIAL, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

On July 13, 2009, plaintiff Gina Gagliano filed a four-count complaint against Cytrade Financial, LLC ("Cytrade") alleging claims of sexual discrimination, sexual harassment, and retaliation in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* (Counts I - III) and a supplemental claim of tortious interference (Count IV). The complaint followed a charge that Ms. Gagliano filed with the Equal Employment Opportunity Commission (the "EEOC") on November 30, 2007, and a right to sue letter issued on April 15, 2009, after the EEOC completed its processing of the charge (Compl. ¶¶ 2-3).

On September 3, 2009, Cytrade filed a motion to dismiss all claims (doc. #7). Although Cytrade raises several arguments in support of its motion, we focus on one threshold issue: whether plaintiff's Employment Agreement with Cytrade requires her to pursue her claims through National Futures Association ("NFA") arbitration (doc. #8: Def.'s Mem. at 5-9).

Because Ms. Gagliano's deadline for filing an intent to arbitrate is November 9, 2009, on October 8, 2009, plaintiff filed her response to the motion to dismiss (doc. # 17), along with a motion

---

[1] On September 22, 2009, by consent of all parties and pursuant to 28 U.S.C. § 636(c), this case was assigned to this Court for all proceedings, including entry of final judgment (doc. #13).

seeking expedited briefing and consideration of the arbitration issue (doc. #18). On that same day, we granted the motion (doc. #20), and required Cytrade to file its reply by October 15, 2009, limited to the arbitration issue. Cytrade filed its reply on October 14, 2009 (doc. #21).

For the reasons set out below, we conclude that plaintiff must arbitrate her claims, but that as a result, the case should be stayed pending arbitration rather than dismissed. As a result, we deny the motion to dismiss without prejudice, and without reaching Cytrade's other arguments in support of dismissal: specifically, (1) that Ms. Gagliano was an independent contractor and thus not covered by Title VII, and (2) that her allegations fail to state a Title VII claim.[2]

## I.

We begin with the facts relevant to the arbitration issue. After receiving her license to trade commodity futures, plaintiff became a broker with the Illinois Grain division of Cytrade in August 2006 (Compl. ¶ 11). In December 2006, plaintiff signed an Employment Agreement with Cytrade ( Pl.'s Resp. Ex. C: Empl. Agreement). The Employment Agreement states that it "contains all of the terms of your relationship with the Company," and mandates that "[a]ny controversy or claim arising out of, or relating to, this employment letter shall be resolved through arbitration performed by the National Futures Association" (Empl. Agreement, ¶¶ 9, 11). The Employment Agreement also states that plaintiff "waive[d] the right to object, with respect to such proceeding, that such arbitral body does not have jurisdiction over the proceeding" (*Id.*, ¶ 11).

---

[2] Cytrade also asserted as a basis for dismissal the affirmative defense of unclean hands (Def.'s Mem. at 11-12). During a status hearing on September 30, 2009, the Court informed the parties that this argument was plainly unavailing on a motion to dismiss.

2

## II.

Ms. Gagliano did not attach the Employment Agreement to her complaint. Strangely, Cytrade did not attach the Employment Agreement to its motion, even though that agreement forms the basis for its arbitration argument; rather, Cytrade only quoted from the arbitration clause in the body of its supporting memorandum (Def.'s Mem. at 2).[3] However, in her response, Ms. Gagliano provided a copy of the Employment Agreement (Pl.'s Resp., Ex. C), and so we have that document before us.

That raises the question of whether we properly may consider the Employment Agreement in deciding Cytrade's motion. Plainly, we may do so if the motion is one that raises the question of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) – which is Cytrade's stated basis for seeking dismissal on the arbitration point (Def.'s Mem. at 1). When considering a motion that challenges subject matter jurisdiction, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotations omitted). Once such evidence is proffered, "[t]he presumption of correctness that we accord to a complaint's allegations falls away," and the plaintiff bears the burden of coming forward with competent proof that jurisdiction exists. *Id.*

---

[3] This may have been a matter of oversight. Cytrade's memorandum cites to "Exhibit 1" as authority for its quotation of the arbitration provision of the Employment Agreement (Def.'s Mem. at 2), but the only attachments to the memorandum are letters exchanged by counsel in connection with the motion to dismiss. That said, if the omission of the Employment Agreement was an oversight, Cytrade took no steps to correct it.

3

However, the Seventh Circuit has left open the question of whether a district court's determination that parties have agreed to arbitrate a dispute is a matter of subject matter jurisdiction or failure to state a claim. The question may appropriately fall under Rule 12(b)(1), because the district court, at least temporarily, does not have authority to resolve the arbitrable claims. Consideration under Rule 12(b)(6) may also be appropriate, on the theory that if the matter must be arbitrated then plaintiff has failed to state a claim cognizable in federal court. *Cont'l Cas.Co. v. Nat'l Ins. Co.*, 417 F.3d 727, 732 (7th Cir. 2005).[4]

Regardless of whether we treat defendant's motion as one under Rule 12(b)(1) or Rule 12(b)(6), the Court may consider plaintiff's Employment Agreement in determining whether to grant defendant's motion to dismiss. As we explained, the Employment Agreement may be considered if the motion is treated as one under Rule 12(b)(1). But, the same is true if the motion is treated as one under Rule 12(b)(6). While a court considering a motion to dismiss under Rule 12(b)(6) normally is confined to the allegations of the complaint, and cannot consider extrinsic material without converting the motion into one for summary judgment under Rule 56, "the ban on considering matters outside the pleadings is not absolute." *Cont'l Cas. Co.*, 417 F.3d at 731 n.3. Rule 10(c) states that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Rule 10(c) applies to "a limited class of attachments to Rule 12(b)(6) motions" that, even though not attached to the complaint, are "central to [the plaintiff's] claim," such as a contract which the court must interpret to determine whether the plaintiff stated a claim. *Cont'l Cas.*, 417 F.3d at 731 n.3. The Employment Agreement here is

---

[4] A third option, not applicable here, may be treatment of the motion as one seeking dismissal for improper venue under 12(b)(3), where the agreement in question requires arbitration in another district. *Cont'l Cas.*, 417 F.3d at 732-33.

4

central to Cytrade's argument that plaintiff's claim must be submitted to arbitration. Plaintiff has not objected to consideration of the Employment Agreement, and indeed, attached it to her response to the motion to dismiss. Thus, we will consider the Employment Agreement in deciding the arbitration issue.

## III.

The Court looks first to the Employment Agreement to determine both its validity, and its applicability to Ms. Gagliano's claims. Federal Arbitration Act ("FAA") is "at bottom a policy guaranteeing the enforcement of private contractual arrangements." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). "Arbitration is favored and should be ordered unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Exelon Generation Co., LLC v. Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO*, 540 F.3d 640, 646 (7th Cir. 2008) (internal quotations omitted). "The presumption of arbitrability is particularly applicable where the arbitration provision is broad." *Id.*

Plaintiff here does not argue that the Employment Agreement is invalid or that the claims she raises concerning her tenure at Cytrade are not covered by the arbitration clause within the Employment Agreement. Indeed, any such argument would fail because the Employment Agreement "contains all of the terms of [plaintiff's] relationship with the Company," and mandates that "[a]ny controversy or claim arising out of, or relating to, this employment letter shall be resolved through arbitration performed by the National Futures Association" (Employment Agreement ¶¶ 9, 11). These kinds of "all-encompassing arbitration clauses" are read broadly, with a presumption of arbitration. *Duthie v. Matria Healthcare, Inc.*, 540 F.3d 533, 540 (7th Cir. 2008).

In addition, the Seventh Circuit has held that a contract clause that deals with controversies "arising out of or relating to" an employment agreement picks up claims of employment discrimination. *See Oblix, Inc. v. Winiecki*, 374 F.3d 488, 490 (7th Cir. 2004). As there is no bar on submitting employment-related civil-rights claims to arbitration, *see, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991) (holding that ADEA claims could be subject to arbitration); *see also Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 365 (7th Cir. 1999) (holding that Congress did not intend Title VII to preclude enforcement of pre-dispute arbitration agreements), plaintiff's claims are covered by the arbitration clause in the Employment Agreement.

## IV.

While plaintiff does not dispute the validity of the arbitration agreement, she argues that Cytrade "both expressly and impliedly waived any agreement to arbitrate by participating in the proceedings before the Equal Employment Opportunity Commission and by later consenting, in writing, to having this case heard before this Court," as well as appearing in federal court on plaintiff's case and filing the pending motion to dismiss (Pl.'s Resp. at 1-2). We disagree.

### A.

Cytrade did not waive its right to arbitration by participating in proceedings in federal court. In ascertaining whether a waiver has occurred, the Court must "determine whether based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate. Although a variety of factors may be considered, diligence or a lack thereof should weigh heavily in the court's determination of whether a party implicitly waived its right to arbitrate." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) (internal quotations omitted). In *Halim*, the Seventh Circuit expressly held that a party does not waive its

right to arbitrate a dispute by filing a motion to dismiss. *Id.* Thus, Cytrade's motion to dismiss – which is based in part on the claim that plaintiff must arbitrate her claims – plainly is not a waiver of its right to arbitration.

Likewise, Cytrade did not waive its arbitration rights by consenting to proceed before a magistrate judge instead of continuing to proceed before the district court judge. Consent to magistrate jurisdiction is not inconsistent with the right to arbitrate, nor a signal of lack of diligence in pursuing arbitration. The consent simply affected whether a district judge or a magistrate judge would decide the arbitrability question; it was not a waiver of the right to pursue arbitration.

The cases plaintiff raises as supporting arbitration in this case are distinguishable. In *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995), the defendant removed plaintiff's suit to federal court. After removal, the plaintiff was required to produce almost two thousand documents in response to the defendant's discovery requests. Then, after six months of "dragg[ing] its heels" in responding to the plaintiff's discovery demands, and only five months before trial, the defendant "dropped a bombshell into the proceedings" by moving for a stay pending arbitration of the parties' dispute. *Id.* The Seventh Circuit held that the defendant waived its right to arbitrate the dispute because "it manifested an intention to resolve the dispute through the processes of the federal court" by not moving earlier for a stay of the plaintiff's suit or asking the district court for an order to arbitrate in conjunction with its notice of removal. *Id.* at 390-91. Similarly, in *St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co., Inc.*, 969 F.2d 585, 589 (7th Cir. 1992), the defendant waited ten months to demand arbitration, during which the defendant participated in the litigation without ever mentioning arbitration. On those

facts, the Seventh Circuit held that the district court properly concluded that the defendant acted inconsistently with any intent to assert its right to arbitrate. *Id.*

By contrast, Cytrade raised the issue of arbitration in the first pleading it filed in this case, shortly after plaintiff filed suit in federal court. Defendant did not act inconsistently with its intent to assert its right to arbitrate, and it did not waive that right by its conduct in federal court.

**B.**

Nor did Cytrade waive its right to arbitration by participating in the EEOC proceedings. Although the Seventh Circuit has not addressed the question, courts of appeal that have done so have held that an employer does not waive its right to arbitrate by failing to raise the arbitration issue with the EEOC or by failing to initiate arbitration during the pendency of the EEOC proceedings. *See, e.g., McNamara v. Yellow Transp., Inc.,* 570 F.3d 950, 952, 957 (8th Cir. 2009); *Marie v. Allied Home Mortgage Corp.,* 402 F.3d 1, 15-16 (1st Cir. 2005); *Brown v. ITT Consumer Fin. Corp.,* 211 F.3d 1217, 1222-23 (11th Cir. 2000). This rule follows logically from the Supreme Court's holding that an employer cannot stop the EEOC, a third party, from bringing a public enforcement action against the employer by invoking an arbitration agreement between the employer and the relevant employee. *Waffle House,* 534 U.S. at 294.

The rule denying waiver when an employer participates in EEOC proceedings supports the goal of efficiency in arbitration proceedings. As the First Circuit explained, to find a waiver in these circumstances would circumvent the goals of both the FAA and the federal employment statutes:

> [F]orcing the employee and employer to begin an arbitration proceeding during the pendency of that investigation will automatically result in two adjudications involving the same issue at the same time: (1) the EEOC investigation of the employer at the employee's urging and (2) the arbitration between the employer and the employee that the employer initiated. This is quite inefficient. Further, the EEOC

8

> investigation might definitively resolve the claim. . . . then there would be no need for employer-employee arbitration at all. Thus, forcing employers to bring arbitration during the pendency of EEOC investigations is a waste of resources and is contrary to the general purposes of the FAA. It is also contrary to the scheme established in the federal employment discrimination statutes, which generally is designed to avoid inefficient, duplicative proceedings.

*Marie*, 402 F.3d at 16 (internal quotations and citations omitted). Likewise, the Eleventh Circuit reasoned that an employer's failure to initiate arbitration during the pendency of EEOC proceedings "merely reflects a desire to avoid inefficiency and is not action inconsistent with a desire to arbitrate." *Brown*, 211 F.3d at 1222.

We find those authorities persuasive. The purpose of the EEOC proceeding is not to adjudicate a complaining party's claim of discrimination. Rather, the EEOC process affords an opportunity for investigation and conciliation of discrimination claims, which often may lead to their resolution without the need for adjudication – whether by litigation or arbitration. We agree that a requirement that a respondent in an EEOC proceeding must pursue arbitration or be deemed to waive the right later to do so would interfere with the EEOC process that Congress has designed. We therefore conclude that Cytrade's participation in the EEOC's investigation into plaintiff's claims was not inconsistent with the arbitration clause in the Employment Agreement, or a waiver of Cytrade's right to seek to compel arbitration at this time.

## V.

Plaintiff also argues that even if Cytrade did not waive its right to arbitration, this Court should deny Cytrade's motion "because the costs of arbitration are prohibitively expensive to the plaintiff" (Pl.'s Resp. at 4). While the Employment Agreement does not specify which party will bear the costs of arbitrating the dispute before the NFA, NFA rules state that the filing costs for a

claim between $50,000 and $100,000 is $3,000, together with a hearing fee of $275 (*id.* at 4-5; Ex. D, NFA Rules § 11(a)(i)).[5] Plaintiff "assume[s]" that she would be solely responsible for the costs because she is the party filing the claim (Pl.'s Resp. at 4).

A party seeking to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive bears the burden of showing the likelihood of incurring such costs. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000). In *Green Tree*, the Supreme Court held that where the agreement was silent on the subject of which party would bear the costs of arbitration and there was no evidence in the record that the plaintiff would bear such costs, the "risk" that the plaintiff would be "saddled with prohibitive costs [wa]s too speculative to justify the invalidation of an arbitration agreement." *Id.* at 90-91.

Likewise, Ms. Gagliano's argument here that the costs of arbitration are prohibitively expensive for her is too speculative to defeat arbitration. The Seventh Circuit requires that a party seeking to invalidate an arbitration agreement because the costs of arbitration are prohibitive must provide evidence of the cost differential between arbitration and litigation. *James v. McDonald's Corp.*, 417 F.3d 672, 679-80 (7th Cir. 2005). Plaintiff relies solely on the difference in filing costs in this Court and in the NFA (Pl.'s Resp. at 5), without addressing a much more substantial comparative cost issue: that is, the costs of discovery in federal court litigation as opposed to NFA arbitration. Nor has plaintiff offered any evidence of her financial status, to show that she could shoulder the cost of discovery and litigation in federal court but not the cost of arbitration. Plaintiff also fails to address the section of the NFA Rules that explicitly leaves open the possibility that

---

[5] Presumably, plaintiff's claim falls in the range of $50,000 to $100,000 because these are the figures plaintiff provided to support its argument to invalidate the arbitration agreement.

plaintiff will not have to bear the full costs of arbitration: that "[t]he arbitrators, in their discretion, may assess the entire fee against any party or may divide the fee among any or all parties" (NFA Rules § 11(a)(4)). Plaintiff has not met her burden of proving that the arbitration agreement should be invalidated based on the cost of arbitration.

## CONCLUSION

Because the arbitration clause in the Employment Agreement has neither been waived nor invalidated, it must be enforced on Cytrade's motion. Dismissal of plaintiff's complaint, however, is not the appropriate remedy. Rather, "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings pending arbitration rather than to dismiss outright," pursuant to the FAA, 9 U.S.C. § 3. *Cont'l Cas.*, 417 F.3d at 732 n.7. Accordingly, the Court denies Cytrade's motion to dismiss (doc. # 7) without prejudice. The Court orders a stay of all proceedings in this litigation pending the completion of NFA arbitration betweent the parties.

**ENTER:**

_____
SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: October 16, 2009**